(68 App. Div. 293.)

HALL v. BOND et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. FRAUDULENT CONVEYANCE—SETTING ASIDE—JUDGMENT—SALE—RIGHT TO REDEEM.

Where, in an action to set aside a conveyance as fraudulent and for sale of the premises to collect plaintiff's claim, the judgment grants such relief, and provides that, after the sheriff's deed and delivery of possession to the purchaser, the defendants and all claiming under them be forever barred of any interest in the premises, such proviso refers to a time subsequent to the expiration of the right to redeem from such sale, and does not cut off such right.

2. WITNESSES—COMPETENCY—CONVERSATION WITH DECEASED.

Under Code Civ. Proc. § 829, making a party to an action incompetent to testify, in an action brought by an administrator, to a conversation between the deceased and the person through whom the defendants

claim, one of several defendants cannot give such testimony in behalf of other defendants.

Appeal from special term, Nassau county.

Action by Lizzie Hall, as administratrix of the estate of Mary Boyle, deceased, against Julia Bond and others. From a judgment for plaintiff, defendants appeal. Affirmed. See 70 N. Y. Supp. 1140.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George B. Stoddart, for appellants.

Townsend Scudder (J. Harry Hull, on the brief), for respondent.

HIRSCHBERG, J. The evidence was sufficient to establish that the conveyance of the real estate by the appellant Julia Bond to the other appellants was with the intent to hinder, delay, and defraud the respondent, a judgment creditor. It is undisputed that the sum of $1,200 of the amount included in the respondent's judgment was applied by the appellant Julia Bond to the discharge of liens and incumbrances upon the property before the conveyance, and it clearly appears that there is no other property out of which the respondent can satisfy her claim. The court decreed a sale of so much of the premises as might be necessary to satisfy the respondent's claim for the money actually used in discharging the incumbrances on the premises, with interest and costs, on the theory that the grantees' possession and tenure may be regarded in equity as in trust for the respondent to that extent, and the learned counsel for the appellants cites no authority in hostility to this conclusion. He does claim, however, that the judgment is beyond the scope of the prayer of the complaint, and that the appellants are injuriously affected thereby. The complaint asked that the deed be declared fraudulent and void, and that the respondent be permitted to satisfy her judgment to the extent of the $1,200 from a sale of the property in the manner provided by law if the fraudulent conveyance had not been made, with the usual demand for such other relief as might be just. The judgment, after decreeing the invalidity of the conveyance and the existence of the trust, directs a sale of the property, or so much as may be necessary, by the sheriff of the county, with public notice of the time and place of sale, according to law and the practice of the courts in the sale of premises under judgment of foreclosure. The judgment further provides that, after the sheriff's deed and delivery of possession to the purchaser, "the defendants, and all claiming under them or any or either of them, be forever barred of any and all right, title, and interest in and to the said premises so sold, or any part thereof." It is claimed that the effect of this provision is to deprive the appellants of whatever right or equity of redemption may exist, but I do not so understand it. There is no express adjudication barring the right to redeem, if any, and none can or should be implied. The learned counsel for the respondent state in their brief that "this part of the judgment may, with all propriety, be held to refer to a time subsequent to the expiration of the usual time in which a right to redeem from a sher-

iff's sale of realty may be exercised." I think it should be so regarded.

The $1,200 was obtained by the appellant Julia Bond from the respondent's decedent, and Julia Bond was offered as a witness solely on behalf of the other appellants to testify as to the instructions given her by the deceased in reference to the use to be made of the money. The exclusion of this evidence is assigned as error. Assuming the effect of the proposed evidence to be severable, as suggested, it was still incompetent, under section 829 of the Code of Civil Procedure, as a conversation and transaction between the deceased and the person through whom the other appellants claim as grantees. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.